UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
                                    :
EXPORT-IMPORT BANK OF THE           :
UNITED STATES,                      :
                                    :
             Plaintiff,             :
                                    :
       -against-                    :   Civil Action No. 03-08554
                                    :   (DCP)[1] (JCF)
ASIA PULP & PAPER CO., LTD.,        :
PT INDAH KIAT PULP & PAPER TBK,     :
PT PABRIK KERTAS TJIWI KIMIA TBK,   :
AND PT PINDO DELI PULP AND PAPER    :
MILLS,                              :
                                    :
             Defendants.            :
                                    :
-----------------------------------x

[Defendants' motion to quash certain writs of garnishment denied in part .]

Dated: April 17, 2009

Lev L. Dassin, Acting United States Attorney for the Southern District of New York, Mara E. Trager, Assistant United States Attorney, Robert William Yalen, Assistant United States Attorney, Li Yu, Assistant United States Attorney for Export-Import Bank of the United States, Plaintiff.

Schnader Harrison Segal & Lewis LLP (Kenneth R. Puhala, Benjamin P. Deutsch, Cynthia A. Murray) for PT Indah Kiat Pulp and Paper TBK, PT Pabrik Kertas Tjiwi Kimia TBK, PT Pindo Deli Pulp and Paper Mills, and Asia Pulp & Paper Co., Ltd., Defendants.

MEMORANDUM AND ORDER

Presently before the court is Defendants' Motion to Quash

---

[1] Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.

certain Writs of Garnishment of property in which the Defendants are alleged to have a substantial interest ("Writs"). As explained below, because the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001-3308 ("FDCPA") provides for service of such writs beyond the territorial limits of the United States, the court denies, in part, the Defendants' motion.

The court has jurisdiction pursuant to 28 U.S.C. § 1345.[2]

I

In prior proceedings in this matter, the court granted summary judgment to the Plaintiff ("Ex-Im") for recovery on loan guarantees for debts of the Defendants. Export-Import Bank of U.S. v. Asia Pulp & Paper Co., No. 03-8554 (DCP), 2008 WL 465169, at *8 (S.D.N.Y. Feb. 6, 2008). In further proceedings to enforce that earlier judgment, the court, pursuant to the "FDCPA", granted, on February 10, 2009, three Writs that are the subject of this order. Those Writs are directed to three "foreign intermediaries" that, Plaintiff alleges, sell or facilitate the sale of Defendants' products in the United States.[3] Plaintiff

---

[2] "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

[3] The foreign intermediaries are (1) Garnishee Bonwell Paper Trading Ltd., a Hong Kong company, (2) Garnishee Kensington International Ltd., a Hong Kong company, and (3) Garnishee Galaxy International Trading, Ltd., a Malaysian company.

2

served the three Writs by Federal Express, dispatched by the clerk of the court, relying on Fed. R. Civ. P. 4(f)(2)(c)(ii) (generally permitting service outside the district, by the clerk, by any form of mail reasonably calculated to give notice, where there is no other internationally agreed means of service).[4]

The Defendants now move to quash, claiming that the Writs were not properly served and that the writs are ineffective as to property located outside the United States.

II

In relevant part, FDCPA's garnishment provision provides that

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings[5]) in which the debtor has a substantial nonexempt[6] interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. . . . A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10).[7]

---

[4] The record indicates that the foreign intermediaries received this service. None of them, to date, has answered or appeared in this matter.

[5] "'Nonexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9).

[6] 28 U.S.C. § 3002(12)(A)-(B) exempts certain Indian property from the FDCPA's otherwise broad definition of property. Those exemptions are not relevant here.

[7] In general, 28 U.S.C. § 3205(c)(10) provides for termination of a Writ of Garnishment by court order quashing the writ, exhaustion of the property garnished, or satisfaction of the debt with respect to which the writ is issued.

3

28 U.S.C. § 3205(a).

According to Ex-Im, the statutory statement that the Writs are "continuing", together with the broad definition of "property" contained in the FDCPA - including money that is or will become owed to the Defendants[8] - permits garnishment of payments made to the foreign intermediaries by U.S. purchasers of the Defendants' goods because Defendants have a substantial interest in these payments.[9]  Ex-Im thus states a plausible reading of the obligations imposed by the FDCPA.

### III

Before the court may determine the foreign intermediaries' actual duties and obligations with regard to property located outside the United States, however, the court must first determine whether Ex-Im's service on the foreign intermediaries establishes personal jurisdiction.  Such service, under the FDCPA, is to be accomplished "in accordance with the Federal Rules of Civil Procedure unless otherwise provided in this chapter." 28 U.S.C. § 3004(a).

---

[8] "'Property' includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held . . . ." 28 U.S.C. § 3002(12).

[9] To Ex-Im, the Writs appropriately allege that the foreign intermediaries are "believed to have possession" of [the defendants'] property."  28 U.S.C. § 3205(b)(1)(C).

Arguing that the Plaintiff's service is improper, Defendants point out that Fed. R. Civ. P. 4 is titled "Summons" and therefore does not permit service by mail of other papers, such as the Writs at issue here. Rather, Defendants claim, Plaintiff's mail service is ineffective because service must be made pursuant to Fed. R. Civ P. 4.1.[10] To the Defendants, because the FDCPA does not explicitly permit service abroad, Rule 4.1 limits service of the Writs to marshals' delivery within the Southern District of New York.

The Federal Rules of Civil Procedure themselves, however, are "a federal statute." Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 19 (2d Cir. 1995)( "This term ['statute of the United States'] includes the Federal Rules of Civil Procedure."). Thus Rule 4.1 permits service - by marshals or by other specially appointed persons - beyond the territorial limits of the district to the extent the Federal Rules authorize such service.

Here, Fed. R. Civ. P. 5(a)(2) is also instructive. That provision states: "a pleading that asserts a new claim for relief against such a [defaulting] party must be served on that party

---

[10] "Rule 4.1 Serving Other Process (a) In General. Process - other than a summons under Rule 4 or a subpoena under Rule 45 - must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits. Proof of service must be made under Rule 4(l)."

5

under Rule 4." Thus, by the terms of Rule 5(a)(2), service of the Writs, to the extent they assert a new claim for relief against the foreign intermediaries, and to the extent such service may result in the imposition of obligations upon failure to appear, must (and therefore may) be served under Rule 4, notwithstanding the heading of Rule 4.

Our inquiry does not end here, however, because, as noted above, service under Fed. R. Civ. P. 4(f)(2)(c)(ii) is permitted only when there is not another internationally agreed means of providing such service. For two of the foreign intermediaries, the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. 6638 ("Hague Convention") provides such an internationally agreed means. Fed. R. Civ. P. 4(f)(1)(providing for service abroad "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."); Ackerman v. Levine, 788 F.2d 830, 838 (2d Cir. 1986) ("As a ratified treaty, the Convention is of course 'the supreme law of the land.'"). This is true because China, of which Hong Kong is a part, has also ratified the Hague Convention, see, Status Table for Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,

6

http://hcch.e-vision.nl/index_en.php?act=conventions.status&cid=17, although Malaysia has not. Id. (Not listing Malaysia as a party to the convention.) See also, http://travel.state.gov/law/info/judicial/judicial_656.html. Accordingly, service under Fed. R. Civ. P. 4(f)(2)(c)(ii), is not appropriate for the two Hong Kong garnishees, although it is appropriate for Garnishee Galaxy International Trading, Ltd.

In addition, while service may and can be effected in China, under the Hague Convention, through the Chinese Central Authority, nonetheless, at the time of its accession to the Hague Convention, China gave notice of its formal objection to service by mail. Such an objection is honored as a treaty obligation by the United States. See DeJames v. Magnificence Carriers, Inc., 654 F.2d 280 (3d Cir. 1981), cert. denied, 454 U.S. 1085 (1981).

There is some indication in the record that Ex-Im may have attempted service, under the Hague Convention, on the Hong Kong Garnishees. There is no indication, however, that such service has been completed. Accordingly, a final determination of the adequacy of service upon the Hong Kong Garnishees must await further filings from the government. With regard to Galaxy International, however, Defendants' motion to quash for inadequate service of the Writ is denied.[11]

---

[11] Nothing in the record, however, indicates that Galaxy, as an entity that may have an interest in the property that Ex-Im

It is SO ORDERED.[12]

*/s/ D. Pogue, jr*
_____
Donald C. Pogue, Judge

Dated: April 17, 2009
       New York, N.Y.

---

seeks to garnish, has been provided with a copy of the Application for Garnishment and a copy of the Notice provided to Defendants as required by to 28 U.S.C. § 3202(c). It follows that, pursuant to 28 U.S.C. § 3205(c)(6), the court will not entertain an application for an order to show good cause why Garnishee Galaxy International Ltd. has failed to answer or appear until the government has provided service of said Application and Notice.

[12] The court has offered the parties the opportunity to implement this Memorandum and Order by an agreed upon ORDER.